IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-1251 |
| | ) |
| FEDERAL RETIREMENT THRIFT | ) |
| INVESTMENT BOARD, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT FOR NEGLIGENCE**

Comes now the Plaintiff, STACY MITCHELL, by and through her attorneys,
Neubauer, Johnston & Hudson, P.C. and for her Complaint for Negligence under the
Federal Tort Claims Act against the Federal Retirement Thrift Investment Board acting as
the Thrift Savings Plan, states as follows:

## **NATURE OF ACTION**

1.      This is a negligence action under the Federal Tort Claims Act seeking
compensation from the Federal Retirement Thrift Investment Board acting as the Thrift
Savings Plan for failing to follow their own guidelines which were followed by the
Plaintiff and for violating court orders entered in the Twentieth Judicial Circuit in St.
Clair County in a dissolution of marriage action, namely *In Re the Marriage of Stacy
Mitchell v. Cedric Mitchell*, cause no. 19-D-64, in that the Thrift Savings Plan allowed
Cedric Mitchell to withdraw funds in violation of their own guidelines and those Court
Orders which were marital property and said failure to follow the guidelines and
violations of court orders caused harm to the Plaintiff, Stacy Mitchell.

2.      As a result of the Federal Retirement Thrift Investment Board's actions (acting as the Thrift Savings Plan), there is an actual case or controversy between the parties.

## PARTIES

3.      That the Plaintiff, Stacy Mitchell, is a resident of the St. Clair County, Illinois and was the Petitioner in the Twentieth Judicial Court action, namely *In Re the Marriage of Stacy Mitchell v. Cedric Mitchell*, cause no. 19-D-64.

4.      That the Defendant, Federal Retirement Thrift Investment Board acting as the Thrift Savings Plan, is a federal retirement program authorized by the United States Congress and is the third deferred compensation program offered through the military retirement system whose legal headquarters is located in Fairfax, Virginia.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between a citizen of the state of Illinois and a federal retirement program.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Plaintiff resides in St. Clair County, Illinois and because a substantial part of the events giving rise to this cause of action occurred in the district.

## FACTUAL BACKGROUND

7.      That at all times relevant, the Plaintiff and Cedric Mitchell were husband and wife and married on or about July 5, 2003.

8.     That Cedric Mitchell was employed as a civilian as an Information Technology Manager with the Department of Defense and he commenced said employment with the Department of Defense on or about June 5, 1989.

9.     That the Plaintiff filed a Petition for Dissolution of Marriage in St. Clair County, Illinois Circuit Court on or about January 25, 2019.

10.    That on or about August 26, 2019, the St. Clair County Circuit Court *In Re the Marriage of Stacy Mitchell v. Cedric Mitchell*, cause no. 19-D-64, issued an Order requiring the Thrift Savings Plan to pay Stacy Mitchell $14,059.27 from said account for past due support and maintenance, attorney's fees, and thirty (30%) percent additional funds to cover the tax consequences of Stacy Mitchell for the disbursement.

11.    That, further said Order (an Order for Garnishment of a Thrift Savings Plan (TSP) Account) provided "that neither party shall take a loan against, or withdraw any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until further order of the court."   See Ex. A.

12.    That the Order for Garnishment of a Thrift Savings Plan (TSP) Account entered above was certified and sealed and sent to TSP Legal Processing Unit in Fairfax, Virginia that same day (August 26, 2019) via facsimile.   See Ex. B.

13.    That a return receipt for the facsimile was received back from the Thrift Savings Plan Legal Processing Unit.   See Ex. C.

14.    That on or about September 19, 2019, the Thrift Savings Plan Legal Processing Unit sent a letter to Cedric Mitchell referencing and acknowledging the same Court Order of August 26, 2019.   See Ex. D.

15.     That the Thrift Savings Plan Legal Processing Unit was fully aware of the pending dissolution case in St. Clair County and Order stating that no funds could be withdrawn until further order of the St. Clair County Circuit Court.

16.     That on or about November 20, 2019, Cedric Mitchell was allowed by the Thrift Savings Plan Legal Processing Unit to make a "financial hardship" withdrawal in the amount of $75,000.00 from his civilian Thrift Savings Plan in violation of the August 26, 2019 Court Order and without notice to the Plaintiff. See Ex. E.

17.     That although Cedric Mitchell marked that he was unmarried on the application, the Thrift Savings Plan Legal Processing Unit was fully aware that he was married and in the process of a divorce based on the order/letter they received on August 26, 2019 and the Thrift Savings Plan Legal Processing Unit did not notify the Plaintiff pursuant to their own guidelines to do so.

18.     That on or about December 3, 2019,  the St. Clair County Circuit Court *In Re the Marriage of Stacy Mitchell v. Cedric Mitchell*, cause no. 19-D-64, issued another Order requiring the Thrift Savings Plan to pay Stacy Mitchell $24,776.38 from said account for past due support and maintenance, attorney's fees, and thirty (30%) percent additional funds to cover the tax consequences of the Stacy Mitchell for the disbursement. See Ex. F.

19.     That, further said Order (an Order for Garnishment of a Thrift Savings Plan (TSP) Account) provided "that neither party shall take a loan against, or withdraw any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until further order of the court."  See Ex. G.

20.     That the Order for Garnishment of a Thrift Savings Plan (TSP) Account entered above was certified and sealed and sent to TSP Legal Processing Unit in Fairfax, Virginia that same day (December 3, 2019) via facsimile.  See Ex. H.

21.     On or about December 30, 2019, counsel for Stacy Mitchell received a response to his Subpoena Duces Tecum directed to Thrift Savings Plan which showed a withdrawal of $75,000.00 from the TSP made by Cedric Mitchell on or about November 20,2019.  See Ex. E.

22.     That on or about December 31, 2019, counsel for Stacy Mitchell sent Linda Dean, Thrift Savings Plan Chief Correspondence Officer, a correspondence via facsimile referencing both the August 26, 2019 and the December 3, 2019 Court Orders which prevented Cedric Mitchell or Stacy Mitchell from removing any funds from the Thrift Savings Plan until further order of the Court.  See Ex. I.

24.     That said correspondence to Linda Dean stated that Stacy Mitchell, as spouse of Cedric Mitchell, was to be notified of said withdrawal which did not occur and requested that Thrift Savings Plan ensure that Mr. Mitchell not be "allowed to withdraw **ANY** Additional funds."  See Ex. I.

25.     That on or about March 16, 2020, counsel for Stacy Mitchell sent TSP Legal Processing Unit a correspondence via facsimile attaching the St. Clair County Court Orders entered on August 26, 2019 and December 3, 2019, advising that Cedric Mitchell had a spouse (the Plaintiff) and asking TSP to ensure that Cedric Mitchell was "not allowed to withdraw **ANY** additional funds" from the Thrift Savings Plan.  See Ex. J.

26.    That on or about June 22, 2020, counsel for Stacy Mitchell received a response to his second Subpoena Duces Tecum directed to Thrift Savings Plan which showed another "financial hardship" withdrawal of $200,000.00 from the TSP made by Cedric Mitchell on or about April 6,2020 in violation of the St. Clair County Court's Orders.  See Ex. K.

27.    That the Thrift Savings Plan booklet "Court Orders and Powers of Attorney" published and disseminated by the Thrift Savings Plan in September 2014 provides on page four and five that "A court order can be used to prevent a participant from withdrawing his or her TSP account during a divorce action.  As soon as possible after receiving a court order that is issued in an action for divorce, annulment, or legal separation, the TSP will "freeze" a participant's account if:

The court order names the "Thrift Savings Plan" and provides that the participant may not obtain a TSP loan or withdrawal; or

The court order purports to divide a participant's TSP account.
Once an account is frozen, no new loans or withdrawals are permitted from the account until the action is resolved.  All other account activity will be permitted, including investment decisions and payments on existing loans."  See Ex. L.

28.    That, further, the Thrift Savings Plan booklet "In-Service Withdrawals" on page fifteen (15) under "Spouses' Rights" provides that "Therefore, on your request for an in-service withdrawal, you must indicate whether or not you are married.  If you are married, the following rules apply:

If you are a FERS participant or a member of the uniformed services, the law requires your spouse's consent to your in-service withdrawal.  If your spouse's whereabouts are

unknown, or if exceptional circumstances make it impossible to obtain your spouse's signature, you must apply for an exemption by completing Form TSP-16, Exception to Spousal Requirements." See Ex. M.

29.     That Stacy Mitchell relied on the Thrift Savings Plan to execute and follow the St. Clair County Circuit Court's Orders of August 26, 2019 and December 3, 2019.

30.     That further, Stacy Mitchell relied on the Thrift Savings Plan to enforce and ensure that her spousal rights were protected pursuant to the Thrift Savings Plans own guidelines.

31.     That the Thrift Savings Plan was made aware that the parties were married and in the process of dissolution proceedings in August of 2019, again in December of 2019, and again in March of 2020.

## Count 1

## NEGLIGENCE

32.     That Stacy Mitchell repeats and incorporated the allegations contained in Paragraphs 1-31 of that Complaint as though fully set forth herein.

33.     That the Thrift Savings Plan was notified by facsimile on August 26, 2019, on December 3, 2019, on December 31, 2019, and on March 16, 2020 that the Mitchells had a pending divorce action in St. Clair County, Illinois.

34.     That the Thrift Savings Plan was also notified by facsimile on the above dates that Cedric Mitchell was court ordered not to withdraw any funds held by them until further court order.

35.     That on the above dates and thereafter, it then and there became and was the duty of the Defendant, Thrift Savings Plan, to exercise reasonable care and caution so as to follow their own guidelines, to not allow Cedric Mitchell to withdraw Thrift Savings Plan funds, and to protect the Plaintiff's spousal rights.

36.     That the Thrift Savings Plan, to the detriment of the Plaintiff, violated two court orders and the Plaintiff's spousal rights by allowing Cedric Mitchell to remove funds from his Thrift Savings Plan on two separate occasions in the amount of $275,000.00.

37.     That the Defendant was then and there guilty of one or more of the following negligent acts or omissions:

> a.     disobeyed and failed to follow their specific guidelines as it pertains to spousal rights and as it pertains to court orders;
>
> b.     disobeyed and violated specific St. Clair County Circuit Court Orders, in the matter of *In Re the Marriage of Stacy Mitchell v. Cedric Mitchell*, cause no. 19-D-64.
>
> c.     failed to protect Stacy Mitchells' Spousal Rights pursuant to their own guidelines, while knowing that the parties were in the middle of a dissolution proceeding.

38.     That as a direct and proximate cause of the Defendant's negligence, as stated above, Plaintiff then and there has been irreparably harmed and will in the future be compelled to expend and become liable for large sums of money for attorney's fees in an endeavoring to recoup said marital property from the Defendant and Cedric Mitchell.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment be entered against Defendant Federal Retirement Thrift Investment Board acting as the Thrift Savings Plan as follows:

a) declaring that the Defendant Federal Retirement Thrift Investment Board acting as the Thrift Savings Plan was negligent in that they violated two court orders to Plaintiff's detriment;

b) declaring that the Defendant Federal Retirement Thrift Investment Board acting as the Thrift Savings Plan was negligent in that they violated the Plaintiff's spousal rights under the Thrift Savings Plan to her detriment;

c) declaring that the Defendant Federal Retirement Thrift Investment Board acting as the Thrift Savings Plan was negligent in that they violated their own guidelines to Plaintiff's detriment;

d) awarding the Plaintiff $275,000.00 to make her whole;

e) awarding the Plaintiff counsel fees and costs; and

f) for such other and further relief as the Court may deem appropriate.

Dated November 18, 2020

FRANCINE M. JOHNSTON
Attorney for Plaintiff, Stacy Mitchell
Neubauer, Johnston & Hudson
955 Lincoln Highway
Fairview Heights, IL  62208
Phone:  618/632-5588
fjohnston@neubauerlaw.org

**EXHIBIT A**

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:                         )
                                               )
STACY L. MITCHELL,                             )
                                               )
            Petitioner,                        )
                                               )
vs.                                            )        No. 19-D-64
                                               )
CEDRIC MITCHELL,                               )
                                               )
            Respondent.                        )

> FILED
> ST. CLAIR COUNTY
>
> AUG 2 6 2019
>
> CIRCUIT CLERK
> 12

## ORDER FOR GARNISHMENT OF A THRIFT SAVINGS PLAN (TSP) ACCOUNT

**WHEREAS** by order of this court, Cedric Mitchell, Social Security number and Address (see attached), was required to pay maintenance, formally known as alimony, interim attorney's fees, and child support to Stacy Mitchell, spouse, Social Security number and Address (see attached).

**AND WHEREAS** by order of this court, Cedric Mitchell, has failed to meet this obligation and currently owes $ *14,059.27, with estimated taxes/penalties.*

**IT IS THEREFORE ORDERED** that the Thrift Savings Plan (TSP) pay to Stacy Mitchell $ *14,059.27* from the civilian TSP account of Cedric Mitchell to satisfy the obligation.

**IT IS FURTHER ORDERED** that neither party shall take a loan against, or withdraw any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until further order of the court.

Dated this _26_ day of _August_, 2019.

ENTER: _____
                    JUDGE

EXHIBIT
A

A true copy of the original on file in my office

Attested to this _11th_ day of _Aug_ 20_19_

Kahalah A. Clay

Clerk of the Circuit Court, 20th Judicial Circuit

St. Clair County, Illinois

Deputy Clerk

EXHIBIT B



# NEUBAUER, JOHNSTON & HUDSON, P.C.

### ATTORNEYS AT LAW

TERRY J. NEUBAUER* ● FRANCINE M. JOHNSTON** ● DUSTIN S. HUDSON**

August 26, 2019

TSP Legal Processing Unit                    FAX (703)592-0151
P.O. Box 4390
Fairfax, VA  22038-4390

Re:    Stacy Mitchell v. Cedric Mitchell
       St. Clair Co., IL Cause #19-D-64

To Whom it May Concern:

Enclosed please find an Order for Garnishment of a Thrift Savings Plan Account, as well as an Order entered August 26, 2019, in regard to the above-mentioned matter.  Please take the appropriate steps to effectuate the Order.

Thank you for your attention, and if you should have any questions, please feel free to contact me.

Sincerely yours,

/s/ Dustin S. Hudson

Dustin S. Hudson
dhudson@neubauerlaw.org

DSH/tf

Enclosure



*Please reply to:*                                                                    *LICENSED IN IL & NE **LICENSED IN IL & MO

☑ 955 LINCOLN HIGHWAY                    ☐ 314 NORTH MAIN STREET
FAIRVIEW HEIGHTS, ILLINOIS 62208              EDWARDSVILLE, ILLINOIS 62025
PH: (618) 632-5588   (618) 632-5595           PH: (618) 692-6092
FAX: (618) 632-5789

EXHIBIT C

**Tammy Frederking**

| | |
|---|---|
| **From:** | MetroFax <NoReply@metrofax.com> |
| **Sent:** | Monday, August 26, 2019 4:31 PM |
| **To:** | Tammy Frederking |
| **Subject:** | Successful transmission to 17035920151. Re: Cedric Mitchell |



Your fax was successfully sent to 17035920151 by MetroFax.

**Fax Details**

**Date:** 2019-08-26 21:30:43 (GMT)
**Number of Pages:** 9
**Length of Transmission:** 187 seconds
**Receiving Machine Fax ID:** Fax Server

If you have any questions, please visit our online help center.

Thank you for choosing MetroFax.

Sincerely,
The MetroFax Team

**Tip:** Switch to an annual plan and save! Call (888) 321-3121.



© 2019 j2 Global, Inc. and affiliates. All rights reserved.
MetroFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the MetroFax Customer Agreement.





EXHIBIT D

Dustin S. Hudson, Esq.
955 Lincoln Highway
Fairview Heights, IL   62208





SEP 2 3 2019

BY:_____



# Thrift Savings Plan
Legal Processing Unit
P.O. Box 4390, Fairfax, VA  22038-9998

September 19, 2019

RE: ORDER FOR GARNISHMENT OF A THRIFT SAVINGS PLAN (TSP) ACCOUNT IN STACY L. MITCHELL VS. CEDRIC MITCHELL, CASE NO. 19-D-64, FILED AUGUST 26, 2019, RECEIVED AUGUST 27, 2019.

Dear Mr. Mitchell:

The above-referenced court order requires the Thrift Savings Plan (TSP) to make a payment from your civilian account to the payee, named below.  The court order was evaluated according to the requirements at 5 U.S.C. §§ 8435(c), 8467, and 5 C.F.R. part 1653, subpart A.

Payee:  Ms. Stacy Mitchell

The court order awards $14,059.27 from your TSP account to the payee.  <u>See</u> court order.  If your account balance is less than the award amount at the time of payment, the TSP will pay your vested account balance.  Absent the receipt of another order, the TSP will not make additional payments at a later date.  Please note that the TSP does not segregate or separately invest the amount awarded pending payment.

**Scheduled Payment Date: November 19, 2019**

Tax and payment information is enclosed with the payee's copy of this letter.  <u>That information includes the forms the payee must use to elect payment options, including a request to transfer the payment to an individual retirement arrangement (IRA) or eligible retirement plan or to request direct deposit of the payment.</u>  The payee's entitlement will be disbursed in a single payment (a check) on the **Scheduled Payment Date** shown above unless the TSP timely receives instructions electing one of the following options.

- The payee may request an expedited payment, which can occur no sooner than 31 days from the date of this letter (to allow the parties time to review this letter).

- To have the entitlement transferred to an IRA or other eligible employer plan **or** to have the funds sent electronically (direct deposit) to the payee's checking or savings account, the enclosed Form TSP-13-S-C **must** be properly completed and received by the TSP Legal Processing Unit at least five (5) business days before the scheduled payment date.  We may not be able to process the form if we receive it within 5 business days of the payment date.  Please note that a properly paid court order cannot be returned to the TSP.

- The payee may request a payment extension of 30 days in order to submit Form TSP-13-S-C.  This request must be in writing; fax or mail it to the TSP Legal Processing Unit so that it is received at least 5 business days before the scheduled payment date.  The fax number is (703) 592-0151.

Documents pertaining to this case may be faxed to the Legal Processing Unit.  Include your daytime telephone number and your TSP Account Number (or your Social Security number) on all correspondence.  In addition, the TSP court order booklet is available from the TSP website (www.TSP.gov).  If you do not have web access, please call the Thrift Line to receive a printed copy.

This letter is a final administrative action by the TSP.  Upon receipt of the court order, your account was frozen for loans and withdrawals.  That freeze will be lifted after the award has been paid.

This letter applies only to your TSP account.  You may obtain information about your other Government retirement benefits by writing to the Office of Personnel Management, Court Ordered Benefits Branch, P.O. Box 17, Washington, DC 20044.

If you have any questions, contact the TSP Legal Processing Unit at the address on the letterhead or call the Thrift Line at 1-877-968-3778, (TDD for hearing-impaired 1-877-847-4385).  Callers outside the United States and Canada should call (404) 233-4400.

Enclosures

cc:  Ms. Stacy Mitchell
     Dustin Hudson, Esq.

EXHIBIT E



# Thrift Savings Plan
## P.O. Box 385021
## Birmingham, AL  35238

CEDRIC MITCHELL



11/20/2019

Dear Participant:

As you requested, a financial hardship withdrawal has been processed from your TSP account. The payment was made as stated below:

**Withdrawal Summary**

| | |
|---|---|
| Date: | 11/20/2019 |
| Total amount: | $75,000.00 |
| From traditional balance: | $75,000.00 |
| Taxable amount: | $75,000.00 |
| | |
| Amount paid to you: | $75,000.00 |
| Minus federal income tax withholding: | -$7,500.00 |
| Net payment to you: | $67,500.00 |
| Payment method: | EFT |



*The payment shown above may differ from the amount you requested if the employee contributions and associated earnings in your account at the time of payment were less than the requested amount.*

We are required by the IRS to withhold 10% of any taxable amount of your withdrawal for federal income tax unless you've elected to waive withholding or to have an amount withheld in addition to the mandatory 10%.

If you have any of the following in your withdrawal, those portions are tax-free and **not** subject to federal tax withholding:

- Contributions made from tax-exempt pay received as a result of serving in a combat zone.
- Roth **contributions**.
- The **earnings** on Roth contributions **if** they are qualified. Roth earnings become qualified once five years have passed since January 1 of the year you made your first Roth contribution **and** you have reached age 59½ or are permanently disabled.*

The total amount of your payment will be reported to the Internal Revenue Service (IRS) in January of the year following the year of payment. A copy will be sent to you on IRS Form 1099-R.  **Note:** If your

* We cannot certify to the IRS that you meet the Internal Revenue Code's definition of disability when your taxes are reported. Therefore, you must provide the justification to the IRS when you file your taxes.

**Website: tsp.gov**      **ThriftLine: 1-TSP-YOU-FRST (1-877-968-3778)**      **TDD: 1-TSP-THRIFT5 (1-877-847-4385)**
**Fax Number: 1-866-817-5023**

Notice: WC1043

withdrawal includes both traditional and Roth money, you will receive separate 1099-Rs. Additional information about tax withholding and reporting is contained in the tax notice *Important Tax Information About Payments From Your TSP Account.* This notice is available at tsp.gov or by contacting the TSP.

If you have questions, call the toll-free ThriftLine at 1-877-968-3778. Callers outside the United States and Canada should call 404-233-4400 (not a toll-free number). The TSP's hours are Monday through Friday, 7 a.m. to 9 p.m. eastern time. You can also use our Secure Message Center on the TSP website by logging into your TSP account and clicking "Message Center." You should receive a response within two business days. You can also write to the TSP at the address shown on the letterhead. Please include your daytime telephone number and TSP account number on all correspondence so that we can identify your account. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.

Notice: WC1043

**Web Request - Completed Online 11/20/2019**



# THRIFT SAVINGS PLAN
## FINANCIAL HARDSHIP IN-SERVICE WITHDRAWAL REQUEST

## TSP-76 (WEB)

Your withdrawal request has been received. A summary of your request appears below. **Note: DO NOT send this page to the TSP, as you have already submitted your request online.** If you need to cancel this request, you must do so by calling the ThriftLine or using the online tool at tsp.gov.

### INFORMATION ABOUT YOU

This request applies to my: Civilian Account

Name: CEDRIC  MITCHELL

TSP Account Number: ███████████        Date of Birth: 01██/1968

Daytime Phone: 618-402-6290

### SPOUSE INFORMATION

Married: N

### WITHDRAWAL REQUEST

Amount: $75,000.00

Source: traditional

Reason(s) for request: Legal expenses for separation or divorce

### FEDERAL TAX WITHHOLDING

Default withholding of 10%

### PAYMENT METHOD

Send my payment to:
    Type of Account: █████████
    Name of Financial Institution: HICKAM FEDERAL CU
    ACH Routing Number: █████████
    Checking or Savings Account Number: ██████████

**Do Not Write Below This Line**

201911204180703



**FORM TSP-76 (WEB), Page 1 (9/2019)**

*P I D S 0 0 0 2 0 3 7 5 0 1 2 0 0 0 0 0 0 0 0 P I D S *

EXHIBIT F

State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

Stacy Mitchell
PLAINTIFF

vs.                                         No. 19-D-64

Cedric Mitchell
                    Defendant

FILED
ST. CLAIR COUNTY
DEC 0 8 2019
12        CIRCUIT CLERK

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ..................................................................................................................

IT IS THEREFORE ORDERED:  Cause called for hearing on Petitioner's Rule to Show Cause + Emergency Petition for medical Insurance + Turnover of the insurance check + other Relief. Petitioner appears with counsel, Respondent fails to appear, despite notice. Court ~~notes~~ notes that his motion to continue was previously granted + the date was reset to today, despite Respondent never set~~ting~~ his motions for hearing. The court hereby orders as follows:

① That Petitioner shall receive, from Respondent's Civilian TSP, the sum of

Attorneys:                     Enter:  $24,776.³⁸, said

.............................................................
Plaintiff

.............................................................      _____
                                                                        Judge



White-C

Da 1 of 3

CG-14-95
FREEBURG PRINTING & PUBLISHING, INC. • 618-539-3320

State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

Stacy Mitchell
PLAINTIFF

vs.

Cedric Mitchell
Defendant

No. 19-D-64

```
FILED
ST. CLAIR COUNTY

DEC 0 8 2019

CIRCUIT CLERK
```

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ........................................................................................................................

IT IS THEREFORE ORDERED: amount includes the following:

a) $3,058.76 in past due support and maintenance.

b) $6,000.00 in maintenance + support to cover either 2 months of Retroactive support/ maintenance, or next 2 months if not paid.

c) $10,000.00 in interim attorney's fees (advance or in part for)

d) 30% additional to account for potential taxes/penalties from early withdrawal of funds.

② That Respondent is ordered to execute any documents in order to effectuate the transfer of the insurance check to the Petitioner.

Attorneys                                    Enter:

........................................................
Plaintiff

........................................................
Defendant

_____
Judge

State of Illinois

## IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

Stacy Mitchell
**PLAINTIFF**

vs.                               No. 19-D-64

Cedric Mitchell
**Defendant**



FILED
ST. CLAIR COUNTY
DEC 0 3 2019
13
CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: Respondent shall sign the title to Nissan Maxima & turn over same to Petitioner within 14 days.

IT IS THEREFORE ORDERED:

③ That ~~title is~~ the insurance check from Geico for the 2009 Nissan Maxima in the amount of $9,188.43 shall be held in a Newbauer Johnston Hudson trust account.

④ ~~and also~~ Respondent shall provide Geico with whatever they require to issue check directly to Petitioner.

⑤ Other than ordered herein, parties are barred from removing TSP funds until further order of the court.

⑥ Court reserves ability to re-allocate funds received from Geico at final hearing.

⑦ Hearing dates (see separate order)

Attorneys

.......................................
**Plaintiff**

.......................................
**Defendant**

Enter:

.......................................
**Judge**

EXHIBIT G

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

IN RE THE MARRIAGE OF:                )
                                      )
STACY L. MITCHELL,                    )
                                      )
          Petitioner,                 )
                                      )
vs.                                   )     No. 19-D-64
                                      )
CEDRIC MITCHELL,                      )
                                      )
          Respondent.                 )

```
           FILED
      ST. CLAIR COUNTY

        DEC 0 3 2019

      CIRCUIT CLERK
```

## ORDER FOR GARNISHMENT OF A THRIFT SAVINGS PLAN (TSP) ACCOUNT

**WHEREAS** by order of this court, Cedric Mitchell, Social Security number and Address

(see attached), was required to pay maintenance, formally known as alimony, interim attorney's

fees, and child support to Stacy Mitchell, spouse, Social Security number and Address (see

attached).

**AND WHEREAS** by order of this court, Cedric Mitchell, has failed to meet this

obligation and currently owes $24,776.$^{38}$

**IT IS THEREFORE ORDERED** that the Thrift Savings Plan (TSP) pay to Stacy

Mitchell $24,776.$^{38}$ from the civilian TSP account of Cedric Mitchell to satisfy the obligation.

~~IT IS FURTHER ORDERED that neither party shall take a loan against, or withdraw~~
~~any funds from, the civilian TSP account of Cedric Mitchell, other than herein stated, until~~
~~further order of the court.~~

Dated this **3** day of **December**, 2019.

ENTER: _Alena P. Meja_
                        JUDGE

```
A true copy of the original instrument
Attested to this 3 day of Dec 20 19
          Kenneth A. Clay
Clerk of the Circuit Court, 20th Judicial Circuit
          St. Clair County, Illinois

By
          Deputy Clerk
```

```
    EXHIBIT
       G
```

EXHIBIT H



# NEUBAUER, JOHNSTON & HUDSON, P.C.

### ATTORNEYS AT LAW

TERRY J. NEUBAUER* • FRANCINE M. JOHNSTON** • DUSTIN S. HUDSON** • JOHN E. LEE**

December 3, 2019

TSP Legal Processing Unit                              VIA FAX (703)592-0151
P.O. Box 4390
Fairfax, VA  22038-4390

Re:    Stacy Mitchell v. Cedric Mitchell
       St. Clair Co., IL Cause #19-D-64

To Whom it May Concern:

Enclosed please find an Order for Garnishment of a Thrift Savings Plan Account, as well as an
Order entered December 3, 2019, in regard to the above-mentioned matter. Please take the
appropriate steps to effectuate the Order.

Thank you for your attention, and if you should have any questions, please feel free to contact me.

Sincerely yours,

/s/ Dustin S. Hudson

Dustin S. Hudson
dhudson@neubauerlaw.org

DSH/alv

Enclosure

cc:   Stacy L. Mitchell
      Cedric Mitchell



*Please reply to:*

*LICENSED IN IL & NE **LICENSED IN IL & MO

☑ 955 LINCOLN HIGHWAY                      ☐ 314 NORTH MAIN STREET
  FAIRVIEW HEIGHTS, ILLINOIS 62208           EDWARDSVILLE, ILLINOIS 62025
  PH: (618) 632-5588   (618) 632-5595        PH: (618) 692-6092
  FAX: (618) 632-5789

**Ann Van Horn**

| | |
|---|---|
| **From:** | MetroFax <NoReply@metrofax.com> |
| **Sent:** | Tuesday, December 3, 2019 4:40 PM |
| **To:** | Ann Van Horn |
| **Subject:** | Successful transmission to 17035920151. Re: Mitchell v. Mitchell |



Your fax was successfully sent to 17035920151 by MetroFax.

**Fax Details**

**Date:** 2019-12-03 22:39:47 (GMT)
**Number of Pages:** 7
**Length of Transmission:** 261 seconds
**Receiving Machine Fax ID:** Fax Server

If you have any questions, please visit our online help center.

Thank you for choosing MetroFax.

Sincerely,
The MetroFax Team

**Tip:** Switch to an annual plan and save! Call (888) 321-3121.


Home | Features | Mobile App | Support

© 2019 j2 Global, Inc. and affiliates. All rights reserved.
MetroFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the MetroFax Customer Agreement.



EXHIBIT I



# NEUBAUER, JOHNSTON & HUDSON, P.C.
## ATTORNEYS AT LAW

TERRY J. NEUBAUER* • FRANCINE M. JOHNSTON** • DUSTIN S. HUDSON** • JOHN E. LEE**

December 31, 2019

Linda Dean
TSP                                    VIA FAX (866)817-5023
P.O. Box 385021
Birmingham, AL 35238

Re:   Stacy Mitchell v. Cedric Mitchell
      St. Clair Co., IL Cause #19-D-64

Dear Ms. Dean:

I am in receipt of the documents pursuant to the Subpoena Duces Tecum. Enclosed please find an Order for Garnishment of a Thrift Savings Plan Account, as well as an Order entered December 3, 2019, and an Order entered August 26, 2019, in regard to the above-mentioned matter. Please note that according to the Orders, Mr. Mitchell is prohibited from withdrawing any funds from the TSP until further order of the court.

Also, I note that Mr. Mitchell made a "financial hardship" withdrawal of $75,000.00 on November 20, 2019. It is my understanding that Mr. Mitchell's spouse, Stacy Mitchell, was to be notified of said withdrawal, which did not occur. Mrs. Mitchell has an interest in the TSP and Mr. Mitchell has been prohibited from withdrawing same. Please ensure that Mr. Mitchell is not allowed to withdraw **ANY** additional funds.

Thank you for your attention, and if you should have any questions, please feel free to contact me.

Sincerely yours,

/s/ Dustin S. Hudson

Dustin S. Hudson
dhudson@neubauerlaw.org

DSH/tf

Enclosure

cc:   Stacy L. Mitchell
      Cedric Mitchell



*Please reply to:*                                    *LICENSED IN IL & NE  **LICENSED IN IL & MO

☑ 955 LINCOLN HIGHWAY                    ☐ 314 NORTH MAIN STREET
FAIRVIEW HEIGHTS, ILLINOIS 62208          EDWARDSVILLE, ILLINOIS 62025
PH: (618) 632-5588   (618) 632-5595       PH: (618) 692-6092
FAX: (618) 632-5789

## Tammy Frederking

**From:** MetroFax <NoReply@metrofax.com>
**Sent:** Tuesday, December 31, 2019 9:50 AM
**To:** Tammy Frederking
**Subject:** Successful transmission to 18668175023. Re: Cedric Mitchell



Your fax was successfully sent to 18668175023 by MetroFax.

### Fax Details

**Date:** 2019-12-31 15:49:38 (GMT)
**Number of Pages:** 14
**Length of Transmission:** 668 seconds
**Receiving Machine Fax ID:** Fax Server

If you have any questions, please visit our online help center.

Thank you for choosing MetroFax.

Sincerely,
The MetroFax Team

**Tip:** Switch to an annual plan and save! Call (888) 321-3121.



© 2019 j2 Global, Inc. and affiliates. All rights reserved.
MetroFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

This account is subject to the terms listed in the MetroFax Customer Agreement.



EXHIBIT J

# NJH  NEUBAUER, JOHNSTON & HUDSON, P.C.
## ATTORNEYS AT LAW

TERRY J. NEUBAUER* • FRANCINE M. JOHNSTON** • DUSTIN S. HUDSON** • JOHN E. LEE**

March 16, 2020

TSP Legal Processing Unit                                      VIA FAX (703)592-0151
P.O. Box 4390
Fairfax, VA  22038-4390

Re:    Stacy Mitchell v. Cedric Mitchell
       St. Clair Co., IL Cause #19-D-64
       SEE SOCIAL SECURITY NUMBERS ATTACHED

**"PLEASE CONFIRM RECEIPT AND THAT NO FURTHER FUNDS WILL
BE DISTRIBUTED"**

To Whom it May Concern:

I am in receipt of the documents pursuant to the Subpoena Duces Tecum.  Enclosed please find an
Order for Garnishment of a Thrift Savings Plan Account, as well as an Order entered December 3,
2019, and an Order entered August 26, 2019, in regard to the above-mentioned matter.  Please note
that according to the Orders, Mr. Mitchell is prohibited from withdrawing any funds from the TSP
until further order of the court.

Also, I note that Mr. Mitchell made a "financial hardship" withdrawal of $75,000.00 on November
20, 2019.  It is my understanding that Mr. Mitchell's spouse, Stacy Mitchell, was to be notified of
said withdrawal, which did not occur.  Mrs. Mitchell has an interest in the TSP and Mr. Mitchell
has been prohibited from withdrawing same.  Please ensure that Mr. Mitchell is not allowed to
withdraw **ANY** additional funds.

Thank you for your attention, and if you should have any questions, please feel free to contact me.

Sincerely yours,

/s/ Dustin S. Hudson

Dustin S. Hudson
dhudson@neubauerlaw.org

DSH/tf

Enclosure



*LICENSED IN IL & NE  **LICENSED IN IL & MO

☑ 955 LINCOLN HIGHWAY
    FAIRVIEW HEIGHTS, ILLINOIS 62208
    PH: (618) 632-5588   (618) 632-5595
    FAX: (618) 632-5789

☐ 314 NORTH MAIN STREET
    EDWARDSVILLE, ILLINOIS 62025
    PH: (618) 692-6092

## Tammy Frederking

| | |
|---|---|
| **From:** | MetroFax <NoReply@metrofax.com> |
| **Sent:** | Monday, March 16, 2020 3:09 PM |
| **To:** | Tammy Frederking |
| **Subject:** | Successful transmission to 17035920151. Re: Cedric Mitchell |



Your fax was successfully sent to 17035920151 by MetroFax.

**Fax Details**

**Date:** 2020-03-16 20:09:27 (GMT)
**Number of Pages:** 2
**Length of Transmission:** 66 seconds
**Receiving Machine Fax ID:** Fax Server

If you have any questions, please visit our online help center.

Thank you for choosing MetroFax.

Sincerely,
The MetroFax Team

**Tip:** Switch to an annual plan and save! Call (888) 321-3121.



© 2020 J2 Global, Inc. or its affiliates (collectively, "J2"). All rights reserved.
MetroFax is a registered trademark of J2.
700 S. Flower St., 15th Floor, Los Angeles, CA 90017

This account is subject to the terms listed in the MetroFax Customer Agreement.



EXHIBIT K



# Thrift Savings Plan
## P.O. Box 385021
## Birmingham, AL  35238

CEDRIC MITCHELL



04/06/2020

Dear Participant:

As you requested, we have made a distribution from your TSP account as follows:

**Withdrawal type:** Single Partial Withdrawal

Details regarding your withdrawal are enclosed.

If your account contains tax-exempt *contributions*, your withdrawal was removed proportionally from taxable and nontaxable amounts.

If you chose to have all or part of your disbursement made directly to you by check, you should receive your check within two weeks. This disbursement will be reported to the Internal Revenue Service (IRS) by January 31 of the year following the date of the payment. Additional information about tax withholding and reporting is contained in the tax notice *Important Tax Information About Payments From Your TSP Account*. This notice is available on tsp.gov or by calling the ThriftLine.

If you have questions, call the toll-free ThriftLine at 1-877-968-3778. Callers outside the United States and Canada should call 404-233-4400 (not a toll-free number). The TSP's hours are Monday through Friday, 7 a.m. to 9 p.m. eastern time. You can also use our Secure Message Center on the TSP website by logging into your TSP account and clicking "Message Center." You should receive a response within two business days. You can also write to the TSP at the address shown on the letterhead. Please include your daytime telephone number and TSP account number on all correspondence so that we can identify your account. **Note:** If you are a member of the uniformed services, do not provide your Defense Switched Network (DSN) telephone number.

Enclosures



**Website: tsp.gov**      **ThriftLine: 1-TSP-YOU-FRST (1-877-968-3778)**      **TDD: 1-TSP-THRIFT5 (1-877-847-4385)**
**Fax Number: 1-866-817-5023**

Notice: WC3032

**Details Regarding Your Withdrawal Disbursement**

**Withdrawal type:** Single Partial Withdrawal

**Date of Payment:** 04/06/2020

**Withdrawal Breakdown**

|  | TRADITIONAL |
|---|---|
| **Amount paid to you:** | $200,000.00 |
| **Federal tax withholding:** | -$40,000.00 |
| **Net payment to you:** | $160,000.00 |
| **Payment method:** | EFT |

    This payment is considered an "eligible rollover distribution" for purposes of federal income tax withholding. Any **taxable** portion of an eligible rollover distribution that is paid directly to you is subject to mandatory 20% federal income tax withholding; this tax withholding cannot be waived. Consult your tax advisor or the Internal Revenue Service (IRS) if you have additional questions about your payment, including the opportunity to roll over part or all of it into a traditional or Roth IRA or eligible employer plan.

**Web Request - Completed Online 04/05/2020**



# THRIFT SAVINGS PLAN
## WITHDRAWAL REQUEST FOR
## SEPARATED AND BENEFICIARY PARTICIPANTS

**TSP-99 (WEB)**

Your withdrawal request has been received. A summary of your request appears below. **Note: DO NOT send this page to the TSP, as you have already submitted your request online.** If you need to cancel this request, you must do so by calling the ThriftLine or using the online tool at tsp.gov.

---

## INFORMATION ABOUT YOU

This request applies to my: Civilian Account

Name: CEDRIC  MITCHELL

TSP Account Number: ███████████

Address: ███████████
         ███████████

Date of Birth: 01██/1968

Daytime Phone: 618-402-6290

---

## SPOUSE INFORMATION

Married: N

---

## WITHDRAWAL ELECTION

SINGLE PARTIAL WITHDRAWAL
    Amount: $200,000.00
    Source: traditional

---

**Do Not Write Below This Line**

**20200405497675301**



**FORM TSP-99 (WEB), Page 1 (9/2019)**

*PIDS00020369012000000000PIDS*

Name:

**CEDRIC  MITCHELL**

*[Last, First, Middle]*

TSP Account Number:

**TRANSFER INFORMATION**

NONE

**PAYMENT METHOD**

Send my payment(s) to:
  Type of Account: ████
  Name of Financial Institution: HICKAM FEDERAL CU
  ACH Routing Number: ████
  Checking or Savings Account Number: ████

**FEDERAL TAX WITHHOLDING**

SINGLE PARTIAL WITHDRAWAL
  Default withholding of 20%

20200405497675302

Do not write in this section.

**FORM TSP-99 (WEB), Page 2 (9/2019)**

EXHIBIT L

 **Thrift Savings Plan** (https://www.tsp.gov/)

# Divorce, annulment, and legal separation

Your current or former spouse, or your dependents, could be awarded a portion of your TSP account if a valid Retirement Benefits Court Order (RBCO) to divide your account is issued. The RBCO can be issued at any time in the divorce, annulment, and separation proceedings.

**The rules for qualified domestic relations orders (QDROs) that apply to private sector plans do not apply to the TSP.**

A valid RBCO requires the TSP to freeze your account, preventing you from taking any new loans or withdrawals until the award is paid out or the order is otherwise resolved. However, a freeze will not prevent you from making contributions or changing your contribution allocation or investment choices, and you will still be required to make payments on existing loans.

Be sure to read Court Orders and Powers of Attorney (https://www.tsp.gov/publications/tspbk11.pdf) for a complete understanding of your rights and responsibilities.

---

## Questions? 1-877-968-3778

Find other ways to contact us (https://www.tsp.gov/contact/).

**f** (https://www.facebook.com/tsp4gov)

**🐦** (https://twitter.com/tsp4gov)

**📺** (https://www.youtube.com/user/tsp4gov)



# Court Orders and Powers of Attorney

Dissolution of Marriage ◆ Legal Process ◆ Guardian Conservator

September 2014

- if the court order is written in a language other than English, a certified English language translation of the entire court order.

**The rules for Qualified Domestic Relations Orders (QDROs) that apply to private sector retirement plans do not apply to the TSP.** The TSP is not covered by the Employee Retirement Income Security Act of 1974 (ERISA), which governs private sector plans. Therefore, a QDRO, the court order that is used to divide a private sector plan, may not be valid with respect to the TSP. The TSP will evaluate such an order under its own rules.

**A qualifying retirement benefits court order for the TSP must meet four basic requirements set forth in 5 C.F.R. § 1653.2:**

- It must be issued by a court in any of the 50 United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Northern Mariana Islands, or the Virgin Islands, or by any Indian court as defined by 25 U.S.C. § 1301(3).

- It must expressly relate to the TSP. This means that it **must** specifically contain the name **"Thrift Savings Plan."** Terms such as "all retirement benefits," "Government benefits," "Federal retirement benefits," "Thrift Savings," or "Thrift Savings Account" are **not** adequate.

- If the court order requires a payment from a TSP account, it must clearly describe the payee's entitlement. It can only award a specified dollar amount or a fraction or a percentage of the participant's account as of a specific past or current date.

- A court order can require a payment only to the participant's current or former spouse or to the participant's dependents. Furthermore, the TSP will not honor a court order asking for a single payment to be made jointly (for example, $10,000 to be divided among the former spouse and dependents). The court order must separately specify the dollar amount, percentage, or fraction of the award made to each person.

The TSP will honor a court order that requires payment in the future **only if** the present value of the payee's entitlement can be calculated to be paid currently. (This practice is more generally associated with court orders affecting defined benefits or pension accounts.)

A court order can be used to prevent a participant from withdrawing his or her TSP account during a divorce action. As soon as possible

4

after receiving a court order that is issued in an action for divorce, annulment, or legal separation, the TSP will "freeze" a participant's account if:

- the court order names the "Thrift Savings Plan" and provides that the participant may not obtain a TSP loan or withdrawal; or
- the court order purports to divide a participant's TSP account.

**Once an account is frozen, no new loans or withdrawals are permitted from the account until the action is resolved.** All other account activity will be permitted, including investment decisions and payments on existing loans.



The TSP will not freeze an account in response to anything other than the court orders we have described here.

**The TSP processes a court order in four steps:**

**Step 1.** As soon as possible after the TSP receives a document that purports to be a qualifying retirement benefits court order, the participant's account will be frozen.

**Step 2.** The TSP will then evaluate whether the court order is complete. If the court order is not complete, the TSP will request that the parties submit a complete copy of the order. If a complete copy is not received within **30 days** of the date of that notification, the participant's TSP account will be unfrozen, and no further action based on that court order will be taken until a complete court order is received.

**Step 3.** When the TSP receives a complete court order, the TSP will freeze (or retain the freeze on) the participant's account and evaluate the court order to determine whether it is a qualifying retirement benefits court order and how the account should be divided.

**Step 4.** The TSP will mail a decision letter to the participant and provide a copy to all of the other parties having a legal interest in the action. The decision letter will describe the effect the order will have on the participant's account and will state when the freeze will be removed from the account. If the court order is not qualifying, the decision letter will explain why. If the order requires a payment, the letter will also explain how the payment amount will be calculated and when the payment will be made.

**The party who must pay Federal income tax on the distribution will receive tax reporting and withholding information from the TSP.**

5

EXHIBIT M

# In-Service Withdrawals

Financial Hardship ◆ Age-Based "59½"

EXHIBIT

We will not accept your withdrawal request until the matter that caused the hold is settled.

For more information about court orders, obtain the TSP booklet *Court Orders and Powers of Attorney* and the TSP tax notice *Tax Treatment of Thrift Savings Plan Payments Made Under Qualifying Orders*.

## Spouses' Rights

Your spouse has certain rights with regard to your in-service withdrawal, even if you are separated from your spouse. Therefore, on your request for an in-service withdrawal, you must indicate whether or not you are married. If you are married, the following rules apply:

- **If you are a FERS participant or a member of the uniformed services,** the law requires your spouse's consent to your in-service withdrawal. If your spouse's whereabouts are unknown, or if exceptional circumstances make it impossible to obtain your spouse's signature, you must apply for an exception by completing Form TSP-16, *Exception to Spousal Requirements* (TSP-U-16 for members of the uniformed services).

- **If you are a CSRS participant,** we must notify your spouse before your in-service withdrawal can be completed. If you do not know the whereabouts of your spouse, you must apply for an exception on Form TSP-16, *Exception to Spousal Requirements*.

The criteria for supporting a claim of "exceptional circumstances" or "whereabouts unknown" are strict. The fact that there is a separation agreement, a prenuptial agreement, a protective order, or a divorce petition does not in itself support a claim of exceptional circumstances.

If you need to submit an *Exception to Spousal Requirements form,* you can obtain one at tsp.gov or by calling the ThriftLine. You must submit the form to us along with the documentation requested in it.



We may pursue and prosecute any participant or other person who attempts to deprive a spouse of his or her rights by forging the spouse's signature, lying about the participant's marital status, or engaging in any similar acts.

15