IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 20-cv-01251-GCS |
| ) | |
| FEDERAL RETIREMENT THRIFT ) | |
| INVESTMENT BOARD, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

The Federal Retirement Thrift Investment Board, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Adam E. Hanna, Assistant United States Attorney, respectfully moves for dismissal of the suit for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, pursuant to Rule 56 for summary judgment due to the Plaintiff's failure to exhaust administrative remedies prior to filing suit.

## BACKGROUND

Plaintiff Stacy Mitchell filed this suit on November 23, 2020 under the Federal Tort Claims Act (FTCA) alleging that the Federal Retirement Thrift Investment Board (FRTIB) was negligent in its handling of her husband's Thrift Savings Plan[1] (TSP) withdrawals during their divorce proceedings in the Twentieth Judicial Circuit Court sitting in St. Clair County, Illinois. (Doc. 1) As a result of the FRTIB's negligence, Plaintiff alleges that she has been harmed and will be required to incur attorney's fees to recover property from her former spouse. Plaintiff served the summons and a copy of the complaint on the United States Attorney on November 23, 2020 (Doc. 8), but has not filed proof of service on the Attorney General of the United States.

---

[1] The Thrift Savings Plan is a 401(k)-style retirement program for eligible employees of the federal government.

## ARGUMENT

**A.      The Federal Retirement Thrift Investment Board is immune from suit and should be dismissed with prejudice from this action.**

The complaint names the Federal Retirement Thrift Investment Board as the sole defendant. Under 5 U.S.C. § 8472(a), the FRTIB was created as an establishment of the executive branch of the federal government. As part of the executive branch, the FRTIB holds sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government *and its agencies* from suit.") (emphasis added). Sovereign immunity is jurisdictional, and therefore Defendant moves for dismissal under Rule 12(b)(1). *See Edwards v. Alexander County Housing Auth.*, No. 19-cv-00879-JPG, 2021 WL 101340, at *3 (S.D. Ill. Jan. 12, 2021) (finding that the sovereign immunity defense "is properly presented in a motion under Rule 12(b)(1)").

"It is a basic tenet of constitutional law that, '(The United States) is immune from suit save as it consents to be sued.... ([a]nd the terms of its consent to be sued in any court define that Court's jurisdiction to entertain the suit.'" *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The "party who sues the United States has the burden of pointing to a congressional act that gives consent." *Id.* (citing *Malone v. Bowdoin*, 369 U.S. 643 (1962)). The waiver must be "unequivocally expressed in statutory text." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (internal quotations omitted) (citing *Lane v. Peña*, 518 U.S. 187, 192 (1996)); *see also United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). Finally, sovereign immunity remains a question determinant of jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("the existence of consent [by the federal government] is a prerequisite for jurisdiction"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"); *see Anderson*

*v. United States Dep't of Agric.*, No. 3:17-CV-531-JPG-RJD, 2017 WL 4791776, at *3 (S.D. Ill. Oct. 24, 2017) (distinguishing *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008)).

While the FRTIB is immune from suit, the United States of America may be sued in its name under the limited waiver of sovereign immunity in the FTCA. 28 U.S.C. § 1346(b). Here, the Plaintiff sued the wrong party; it should have filed suit against the United States of America, not the FRTIB. The law is clear that "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing 28 U.S.C. § 2679(b)); see also 28 U.S.C. § 1346(b) (FTCA suit must be brought "against the United States"); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States.").

Because this suit named the wrong defendant, the FRTIB requests that it be dismissed from this suit with prejudice. This will not affect the substance of Plaintiff's claim. As will be discussed below, Plaintiff should file a new suit after exhausting her administrative remedies and name the United States of America as the sole defendant.

**B.     The case is premature, as Plaintiff did not exhaust administrative remedies prior to filing.**

Even if the Plaintiff had filed suit against the right defendant, this case would be subject to dismissal for failure to exhaust administrative remedies under the FTCA. Accordingly, merely adding the United States of America as a defendant through substitution or amendment of the complaint would be futile. The Plaintiff must start over by first pursuing administrative remedies, and if those prove unsatisfactory, filing a new FTCA suit against the United States of America.

*1. Summary Judgment Standard Pursuant to Rule 56*

Failure to exhaust prerequisite administrative remedies is a non-jurisdictional affirmative defense, and therefore, it would not be appropriate for the Court, on a motion pursuant to Rule 12, to consider materials outside the complaint on the issue of exhaustion of administrative remedies. *Gray v. United States*, 723 F.3d 795, 799, n.1 (7th Cir. 2013); *see also* Fed.R.Civ.P. 12(d) (stating that if, on a motion under Rule 12, matters outside the pleadings are presented the motion "must be treated as one for summary judgment under Rule 56"); Fed.R.Civ.P. 56 (stating that a party asserting that a fact cannot be genuinely disputed must support the assertion by citing to materials in the record).

Procedurally, the appropriate avenue for addressing a plaintiff's failure to exhaust administrative remedies before filing suit is through a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may support the motion by citing to materials in the record, including the pleadings, affidavits, and other documents. Fed. R. Civ. P. 56(c)(1); *Spivey v. Adaptive Mktg. LLC*, 622 F.3d 816, 822 (7th Cir. 2010). In assessing whether summary judgment is warranted, the court must construe all evidence, as well as the inferences reasonably drawn therefrom, in the light most favorable to the non-moving party. *Spivey*, 622 F.3d at 822. The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Salvadori v. Franklin School Dist.*, 293 F.3d 989, 996 (7th Cir. 2002).

An entry of summary judgment is not the equivalent of a dismissal with prejudice. The Court is well within its discretion to grant the motion for summary judgment and dismiss a claim without prejudice. *See, e.g.*, *Norman v. United States*, No. 2:11-cv-097, 2011 WL 5408479 (N.D.

Ind. Nov. 8, 2011) (granting government's motion for summary judgment based on plaintiff's failure to exhaust administrative remedies and dismissing case without prejudice); *Smith v. U.S. Dept. of Justice*, No. 07-2216, 2009 WL 1456734 (C.D. Ill. May 22, 2009) (same). Indeed, "[a]lthough *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust [administrative remedies] prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, allowing the Court can [sic] consider 'evidence outside the pleadings,' such as affidavits, grievances, responses, appeals, and related documentation." *Bryant v. Nwaobasi*, 13-cv-0411-MJR-SCW, 2014 WL 552794 (S.D. Ill. Feb. 12, 2014) (citing Rule 12(d)) (emphasis in original).

      *2. Plaintiff did not fully exhaust administrative remedies prior to filing suit.*

The United States is subject to tort suits arising from the FRTIB's activities under 5 U.S.C. § 8477(e)(3)(C)(ii), which provides that "A civil action may be brought in the district courts of the United States…by any participant or beneficiary…to enforce any claim otherwise cognizable under sections 1346(b) and 2671 through 2680 of title 28." These statutes comprise the Federal Tort Claims Act, a limited waiver of sovereign immunity. *See Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012). The FTCA sets forth procedural rules, including the requirement that a plaintiff take her claim to the appropriate federal agency before filing suit. More specifically, 28 U.S.C. § 2675(a) provides:

> ***An action shall not be instituted*** upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency ***and his claim shall have been finally denied by the agency in writing*** . . . . (emphasis added)

In *McNeil v. United States*, 508 U.S. 106 (1993), the Supreme Court clarified that Section 2675(a) means what it says:

5

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

508 U.S. at 112.

Under the plain language of Section 2675(a) and *McNeil*, the filing of a complaint before completing exhaustion of the administrative process precludes an FTCA claim in that lawsuit. "[E]xhaustion must be completed *before* the judicial process is invoked (not halted mid-stream so exhaustion can be pursued.)" *Old National Trust Company*, No. 12-cv-197-MJR, 2013 WL 3944432, *5 (S.D. Ill. July 31, 2013). Courts have held that this procedural hurdle cannot be bypassed simply by filing an amended complaint in an already pending action. Rather, plaintiffs must institute a fresh suit *after* the administrative process is exhausted. *See, e.g., Collier v. Caraway, et. al.*, No. 14-cv-365-JMS, 2017 WL 347481, *2 (S.D. Ind. Jan. 24, 2017) (denying plaintiff's motion to amend to add an FTCA claim to an already pending lawsuit, where exhaustion had been completed after the suit was instituted); *Old National Trust Co.*, 2013 WL 3944432 at *6 (declining to allow a case to stay open while the plaintiff filed an administrative claim such that the plaintiff could then come back and amend its complaint upon completion of administrative remedies); and *Szczepanski v. Rathert*, No. 16-cv-554-MJR-PMF, Doc. 17, p. 3 (S.D. Ill. Sept. 7, 2016) (finding that plaintiff "hasn't cited a single case where a federal case has effectively stayed a case pending exhaustion…[and] the idea makes little sense – stays of unexhausted cases would clog the Court's docket").

The FTCA's exhaustion requirement is not jurisdictional; it can be waived or forfeited. *See Glade ex rel. Lunkskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). It has not been waived

6

or forfeited here, however, and failure to exhaust administrative remedies before filing suit under the FTCA mandates dismissal. *See McNeil*, 508 U.S. at 113; *see also Old National Trust Company*, 2013 WL 3944432, *3.

In this case, Plaintiff did not pursue an administrative claim prior to initiating suit. The attached declaration of Kenneth Warford, supervisory benefits specialist at the FRTIB, establishes the absence of an administrative claim (Exhibit "A"). Mr. Warford oversees the Legal Processing Unit at the FRTIB. *Id.* at ¶1. As part of his job, he has access to the recordkeeping system which contains all records received from participants, their attorneys, and others. *Id.* at ¶4. Documents received by the legal processing unit are opened, date-stamped, and scanned into the recordkeeping system. *Id.* at ¶¶7-8. The documents are then associated with the TSP participant to whom they relate, and are then searchable by participant name, social security number, or TSP account number. *Id.* at ¶¶9-10. Mr. Warford thoroughly searched the recordkeeping system for records related to the Plaintiff's ex-husband, Cedric Mitchell, from 2003 to the present and did not locate an administrative claim or anything resembling one. *Id.* at ¶¶11-12. It is also worth noting that the Plaintiff's complaint does not allege that she has filed an administrative claim or otherwise pursued administrative remedies prior to filing suit.

Accordingly, Plaintiff's FTCA claim has not been fully exhausted prior to the initiation of this case. The action is thus premature, and the suit must be dismissed with leave to file a new suit against the United States following the complete exhaustion of administrative remedies.

## CONCLUSION

For the reasons stated above, the Court should dismiss the FRTIB from this action with prejudice but grant Plaintiff leave to file a new suit against the United States of America following exhaustion of administrative remedies.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*/s/ Adam E. Hanna*

ADAM E. HANNA
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone:   (618) 206-3510
E-Mail: adam.hanna@usdoj.gov

8